UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ————————————————— x | | |
| CHRISTOPHE STERCKX, Individually and on Behalf of All Others Similarly Situated, | : | Civil Action No. 1:20-cv-01677-KAM-VMS |
| | : | |
| Plaintiff, | : | CLASS ACTION |
| | : | |
| vs. | : | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |
| | : | |
| LUCKIN COFFEE INC., JENNY ZHIYA QIAN, REINOUT HENDRIK SCHAKEL, CHARLES ZHENGYAO LU, JIAN LIU, JINYI GUO, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC. and NEEDHAM & COMPANY, LLC, | : : : : : : : : : : : : : | |
| | : | |
| Defendants. | : | |
| ————————————————— x | | |

4813-8806-3673.v1

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................1

II.     SUMMARY OF THE ACTION ................................................................................2

III.    ARGUMENT ..............................................................................................................5

        A.      The Pension Fund Should Be Appointed Lead Plaintiff.........................................5

                1.      The Pension Fund's Motion Is Timely ......................................................5

                2.      The Pension Fund Possesses a Substantial Financial Interest ...................6

                3.      The Pension Fund Satisfies the Rule 23 Typicality and Adequacy
                        Requirements ............................................................................................6

        A.      The Pension Fund's Selection of Counsel Should Be Approved ...........................7

IV.     CONCLUSION............................................................................................................9

4813-8806-3673.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG (C.D. Cal.) ...................................................................................9

*In re Barrick Gold Corp. Sec. Litig.*,
2017 WL 4862779 (S.D.N.Y. Oct. 4, 2017) ......................................................................6

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ...............................................................................9

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ..........................................................................................9

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ......................................................................9

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ........................................................................9

*In re UnitedHealth Group Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.) .........................................................................9

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.) ............................................................................8

*Jones v. Pfizer, Inc.*,
No. 1:10-cv-03864-AKH (S.D.N.Y. July 30, 2015) .........................................................8

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ........................................................................................8, 9

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) .....................................................................8

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.).................................................................................8, 9

*Teamsters Local Union No. 727 Pension Fund v. Gordon*,
No. 1:19-cv-01108-FB-LB (E.D.N.Y. May 24, 2019) ......................................................7

4813-8806-3673.v1

Page

## STATUTES, RULES AND REGULATIONS

15 U.S.C.

§77k ................................................................................................................................1

§77o ................................................................................................................................1

§77z-1(a)(3)(B) ...............................................................................................................1

§78j(b) .............................................................................................................................1

§78t(a) .............................................................................................................................1

§78u-4(a)(1) .....................................................................................................................5

§78u-4(a)(3)(A)(i) ...........................................................................................................5

§78u-4(a)(3)(B) ...............................................................................................................1

§78u-4(a)(3)(B)(i) ...........................................................................................................1

§78u-4(a)(3)(B)(iii) ....................................................................................................1, 5

§78u-4(a)(3)(B)(iii)(I)(cc) ..............................................................................................6

§78u-4(a)(3)(B)(v) .....................................................................................................1, 7

Federal Rules of Civil Procedure

Rule 23 ....................................................................................................................1, 5, 6

Rule 23(a)(4) ...................................................................................................................7

- iii -

## I.      INTRODUCTION

Presently pending before this Court is a class action lawsuit brought on behalf of investors who purchased or acquired Luckin Coffee Inc. ("Luckin" or the "Company") securities between May 17, 2019 and April 2, 2020, inclusive (the "Class Period"), as well as purchasers or acquirers of Luckin American Depository Shares ("ADSs") in or traceable to the Company's public offerings of ADSs on May 17, 2019 and/or on January 10, 2020 seeking to pursue remedies under §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and §§11 and 15 of the Securities Act of 1933 (the "1933 Act").[1]  The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).[2]

Here, proposed lead plaintiff Teamsters Local 710 Pension Fund (the "Pension Fund") is the "most adequate plaintiff" to represent the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Indeed, the Pension Fund, an experienced institutional investor with the ability to oversee complex litigation, has a substantial financial interest, meets the Rule 23 typicality and adequacy requirements, and selected Robbins Geller Rudman & Dowd LLP – a firm with extensive experience prosecuting complex securities class actions – to serve as Lead Counsel for the putative class.  *See* 15 U.S.C.

---

[1]      There is a substantially similar case pending in the Southern District of New York, *Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293, filed on behalf of purchasers or acquirers of Luckin securities between May 17, 2019 and April 2, 2020, inclusive.  The Pension Fund is filing a lead plaintiff motion in the substantially similar *Cohen* action and, if appointed Lead Plaintiff, will seek to coordinate the actions in one forum.  To enable an apples-to-apples comparison in both cases, the longest alleged class period is used (May 17, 2019 through April 2, 2020, inclusive).

[2]      The PSLRA amended the 1933 Act and 1934 Act in virtually identical ways as to the lead plaintiff provisions.  *Compare* 15 U.S.C. §78u-4(a)(3)(B) *with* 15 U.S.C. §77z-1(a)(3)(B).  For ease of reference, only the 1934 Act is cited herein.

§78u-4(a)(3)(B)(v).  Because the Pension Fund satisfies each of the PSLRA's requirements for appointment as lead plaintiff, it respectfully submits that its motion should be granted.

## II.     SUMMARY OF THE ACTION

Luckin engages in the retail sale of brewed drinks and pre-made food and beverage items in the People's Republic of China.  Luckin's ADSs trade on the NASDAQ under the ticker symbol LK.

On April 22, 2019, Luckin filed with the U.S. Securities and Exchange Commission ("SEC") a registration statement on Form F-1 for the May 2019 offering, which, after an amendment, was declared effective on May 16, 2019.  On May 17, 2019, Luckin filed a prospectus for the May 2019 offering on Form 424B4, which incorporated and formed part of the registration statement that was used to sell to the investing public approximately 33 million Luckin ADSs, representing 264 million Luckin Class A common shares, at $17.00 per ADS.  The *Sterckx* action defendants generated $561 million in gross offering proceeds from their sale of Luckin ADSs in the May 2019 offering.

On January 7, 2020, Luckin filed with the SEC a registration statement on Form F-1 for the January 2020 offering which was declared effective on January 9, 2020.  On January 10, 2020, Luckin filed a prospectus for the January 2020 offering on Form 424B4, which incorporated and formed part of the registration statement that was used to sell to the investing public approximately 9 million Luckin ADSs, representing 264 million Luckin Class A common shares, at $42.00 per ADS. The *Sterckx* action defendants generated approximately $385 million in gross offering proceeds from their sale of Luckin ADSs in the January 2020 offering.

As the *Sterckx* complaint alleges, the registration statements failed to disclose that Luckin's internal controls over financial reporting were so deficient that they failed to prevent (or identify) the inflation of the Company's financial results due to fabricated transactions by Luckin's Chief Operating Officer, defendant Jian Liu.  The January 2020 registration statement also incorporated

false financial results for the first nine months of 2019. The complaints further allege that defendants made false and/or misleading statements and/or failed to disclose that: (1) certain of Luckin's financial performance metrics, including per-store per-day sales, net selling price per item, advertising expenses, and revenue contribution from "other products" were inflated; (2) Luckin's financial results thus overstated the Company's financial health and were consequently unreliable; and (3) as a result, defendants' statements about Luckin's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis at all relevant times.

On January 31, 2020, *Muddy Waters* published a report alleging that Luckin had fabricated certain of the Company's financial performance metrics beginning in Luckin's third quarter of 2019 ("3Q19"). The *Muddy Waters* report purported to cite "smoking gun evidence," including, *inter alia*, thousands of hours of store video, thousands of customer receipts, and diligent monitoring of the Company's mobile application metrics, which allegedly showed that, since 3Q19, Luckin had inflated its per-store per-day sales figures, its net selling price per item, its advertising expenses, and its revenue contribution from "other products." On this news, Luckin's ADS price fell $3.91 per share, or 10.74%, to close at $32.49 per share on January 31, 2020.

While Luckin initially denied all of the claims in the *Muddy Waters* report, on April 2, 2020, Luckin publicly revealed that an internal investigation had found that millions of dollars of the Company's sales had been fabricated in a release stating, in pertinent part:

> **BEIJING, China, April 2, 2020 (GLOBE NEWSWIRE)** — Luckin Coffee Inc. ("Luckin Coffee" or the "Company") (NASDAQ: LK) today announced that the Company's Board of Directors (the "Board") has formed a special committee (the "Special Committee") to oversee an internal investigation into certain issues raised to the Board's attention during the audit of the consolidated financial statements for the fiscal year ended December 31, 2019 (the "Internal Investigation").
>
> The Special Committee is comprised of three independent directors of the Board, Mr. Sean Shao, Mr. Tianruo Pu and Mr. Wai Yuen Chong, with Mr. Shao serving as its chairman. The Special Committee has retained independent advisors,

including independent legal advisors and forensic accountants, in connection with the Internal Investigation. The Special Committee has retained Kirkland & Ellis as its independent outside counsel. Kirkland & Ellis is assisted by FTI Consulting as an independent forensic accounting expert. The Internal Investigation is at a preliminary stage.

The Special Committee today brought to the attention of the Board information indicating that, ***beginning in the second quarter of 2019, Mr. Jian Liu, the chief operating officer and a director of the Company, and several employees reporting to him, had engaged in certain misconduct, including fabricating certain transactions***. The Special Committee recommended certain interim remedial measures, including the suspension of Mr. Jian Liu and such employees implicated in the misconduct and the suspension and termination of contracts and dealings with the parties involved in the identified fabricated transactions. The Board accepted the Special Committee's recommendations and implemented them with respect to the currently identified individuals and parties involved in the fabricated transactions. The Company will take all appropriate actions, including legal actions, against the individuals responsible for the misconduct.

The information identified at this preliminary stage of the Internal Investigation indicates that ***the aggregate sales amount associated with the fabricated transactions from the second quarter of 2019 to the fourth quarter of 2019 amount to around RMB2.2 billion***. Certain costs and expenses were also substantially inflated by fabricated transactions during this period. The above figure has not been independently verified by the Special Committee, its advisors or the Company's independent auditor, and is subject to change as the Internal Investigation proceeds. The Company is assessing the overall financial impact of the misconduct on its financial statements. As a result, ***investors should no longer rely upon the Company's previous financial statements and earning releases*** for the nine months ended September 30, 2019 and the two quarters starting April 1, 2019 and ended September 30, 2019, including the prior guidance on net revenues from products for the fourth quarter of 2019, and other communications relating to these consolidated financial statements. The investigation is ongoing and the Company will continue to assess its previously published financials and other potential adjustments.

(Emphasis added.). On this news, Luckin ADSs plummeted over 75% to close at $6.40 per ADS on April 2, 2020.

Since the 2019 offering, and as a result of the disclosure of material adverse facts omitted from Luckin's registration statements, Luckin's stock price has fallen well below its offering prices, damaging the Pension Fund and other putative class members.

- 4 -

## III.    ARGUMENT

### A.    The Pension Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1933 or 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that–

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Pension Fund meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    The Pension Fund's Motion Is Timely

On February 13, 2020, notice of the *Cohen* action was published on *Globe Newswire* advising class members of the pendency of the action, its alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days.  *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Notice was also published concerning the filing of the *Sterckx* action.  *See* Rosenfeld Decl., Ex. B.  Because the Pension Fund's motion has been timely filed by the statutory deadline, the Pension Fund is entitled to be considered for appointment as lead plaintiff.

## 2.   The Pension Fund Possesses a Substantial Financial Interest

During the Class Period, the Pension Fund purchased 56,600 Luckin ADSs and suffered over

$2 million in losses.  *See* Rosenfeld Decl., Exs. C, D.  To the best of its counsel's knowledge, there

are no other plaintiffs with a larger financial interest.

## 3.   The Pension Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to having the largest financial interest, a lead plaintiff must also "otherwise

satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-

4(a)(3)(B)(iii)(I)(cc).  "At this stage in the litigation, only a preliminary showing of typicality and

adequacy is required."  *In re Barrick Gold Corp. Sec. Litig.*, 2017 WL 4862779, at *2 (S.D.N.Y.

Oct. 4, 2017).

"The typicality threshold is satisfied where the presumptive lead plaintiff's claims arise from

the same conduct from which the other class members' claims and injuries arise."  *Id.*  The Pension

Fund satisfies this requirement because, just like all other class members, it: (1) purchased Luckin

ADSs during the Class Period; (2) was adversely affected by defendants' false and misleading

statements; and (3) suffered damages thereby.

The adequacy requirement of Rule 23 "is satisfied where (1) class counsel is qualified,

experienced, and generally able to conduct the litigation, (2) there is no conflict between the

proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a

sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Id.* at *3.  Here, the

Pension Fund is an adequate representative of the class because its interests are aligned with the

putative class and there is no evidence of any antagonism between the Pension Fund's interests and

the class's interests.  Established in 1955 and based in Mokena, Illinois, the Pension Fund has

roughly 20,000 participants and approximately $3 billion in assets.  The Pension Fund also has prior

- 6 -

4813-8806-3673.v1

experience serving as a lead plaintiff in securities class actions and is familiar with the obligations and fiduciary responsibilities owed to a class.[3]  The Pension Fund has also retained competent and experienced counsel to prosecute these claims.  Finally, the Pension Fund's substantial loss provides the requisite interest to ensure vigorous advocacy.  Thus, the Pension Fund satisfies the adequacy requirements of Rule 23(a)(4).

Accordingly, the Pension Fund has made a *prima facie* showing that it satisfies the typicality and adequacy requirements for the purposes of this motion.

**A.    The Pension Fund's Selection of Counsel Should Be Approved**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension Fund selected Robbins Geller to serve as Lead Counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[4]  Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Teamsters Local Union No. 727 Pension Fund v. Gordon*, No. 1:19-cv-01108-FB-LB, ECF No. 26 at 8-9 (E.D.N.Y. May 24, 2019) (noting Robbins Geller's "extensive experience in prosecuting securities fraud actions"); *In re Am. Realty Capital Props., Inc. Litig.*, No.

---

[3]    Additional information on the Pension Fund can be found by visiting: https://710hwp.org/pension-fund/.

[4]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com.  A paper copy of the Firm's resume is available upon the Court's request, if preferred.

- 7 -

1:15-mc-00040-AKH, Transcript at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (Preska, J.) (concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job."); *Jones v. Pfizer, Inc.*, No. 1:10-cv-03864-AKH, ECF No. 502 at 42-43 (S.D.N.Y. July 30, 2015) (Hellerstein, J.) (commending Robbins Geller for its work in achieving $400 million settlement on the eve of trial: "Without the quality and the toughness that you have exhibited, our society would not be as good as it is with all its problems. So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations.").  The Robbins Geller litigation team on this case includes senior members of the trial teams that tried and/or prevailed just before trial in *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.), *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.), and *Am. Realty*.

Notably, in the first few months of 2020 alone, Robbins Geller has recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty*, $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.)

(pending final approval), and $350 million in *First Solar* (pending final approval).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[5]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Pension Fund's selection of Robbins Geller as Lead Counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, the Pension Fund respectfully requests that the Court grant its motion.

DATED:  April 13, 2020                    Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                            & DOWD LLP


                                          *s/ David A. Rosenfeld*
                                          DAVID A. ROSENFELD

---

[5]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Household* ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIEL S. DROSMAN
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 10 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 13, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4813-8806-3673.v1

# Mailing Information for a Case 1:20-cv-01677-KAM-VMS Sterckx v. Luckin Coffee Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Leslie Alan Blau**
  blaulaw@gmail.com,leslie.a.blau@gmail.com

- **Javier Bleichmar**
  jbleichmar@labaton.com

- **Jackson S. Davis**
  jdavis@ctswlaw.com

- **Frederic S. Fox**
  ffox@kaplanfox.com

- **Richard W. Gonnello**
  rgonnello@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,klenahan@faruqilaw.com,dbehnke@faruqilaw.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Gerald Harlan Silk**
  jerry@blbglaw.com,

- **Steven Bennett Singer**
  ssinger@saxenawhite.com,e-file@saxenawhite.com,cwallace@saxenawhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`