## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHE STERCKX, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LUCKIN COFFEE INC., JENNY ZHIYA QIAN, REINOUT HENDRIK SCHAKEL, CHARLES ZHENGYAO LU, JIAN LIU, JINYI GUO, HUI LI, ERHAI LIU, CREDIT SUISSE SECURITIES (USA) LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORPORATION HONG KONG SECURITIES LIMITED, HAITONG INTERNATIONAL SECURITIES COMPANY LIMITED, KEYBANC CAPITAL MARKETS INC., and NEEDHAM & COMPANY, LLC,<br><br>    Defendants. | Case No. 1:20-cv-01677-KAM<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |
| VIJAYA GOPU and NIRMALA GOPU, Individually And On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>LUCKIN COFFEE INC., CHARLES ZHENGYAO LU, JENNY ZHIYA QIAN, JIAN LIU, REINOUT HENDRIK SCHAKEL, HUI LI, JINYI GUO, ERHAI LIU, SEAN SHAO, THOMAS P. MEIER, NEEDHAM & COMPANY, LLC, MORGAN STANLEY & CO. LLC, CHINA INTERNATIONAL CAPITAL CORP. HONG KONG SECURITIES LTD., HAITONG INT'L SECURITIES CO. LTD., CREDIT SUISSE SECURITIES (USA) LLC, and KEYBANC CAPITAL MARKETS INC.,<br><br>    Defendants. | Case No. 1:20-cv-01747-ERK |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF CHESI ASSETS LIMITED GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

PROCEDURAL BACKGROUND............................................................................... 3

I.      THE ACTIONS SHOULD BE CONSOLIDATED ......................................... 4

II.     CHESI ASSETS LIMITED GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .. 5

        A.      The PSLRA Standard for Appointing Lead Plaintiff................................. 5

        B.      Chesi Assets Limited Group Is the "Most Adequate Plaintiff" ............................ 6

                1.      Chesi Assets Limited Group's Motion is Timely ...................................... 6

                2.      Chesi Assets Limited Group Has the Largest Financial Interest in the Relief Sought by the Class .................................................... 7

                3.      Chesi Assets Limited Group Satisfies the Requirements of Rule 23.......... 7

                        (a)     Chesi Assets Limited Group Satisfies the Typicality Requirement of Rule 23 .................................................... 8

                        (b)     Chesi Assets Limited Group Satisfies the Adequacy Requirement of Rule 23 .................................................... 9

III.    **CHESI ASSETS LIMITED GROUP**'S SELECTION OF COUNSEL MERITS APPROVAL .................................................................................... 10

CONCLUSION.................................................................................................... 11

zz

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
  239 F. Supp. 2d 344 (S.D.N.Y. 2002)........................................................................4

*Bensley v. FalconStor Software, Inc.*,
  277 F.R.D. 231 (E.D.N.Y. 2011) ..............................................................................9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ..............................................................................4

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)...............................................................................8, 10

*In re Doral Fin. Corp. Secs. Litig.*,
  414 F.Supp.2d 398 (S.D.N.Y.2006)..........................................................................4

*Faig v. Bioscrip, Inc.*,
  No.13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)........................ *passim*

*Lipetz v. Wachovia Corp.*,
  No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) ...........................9, 10

*Lowinger v. Global Cash Access Holdings, Inc.*,
  No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ................................5

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ....................................5

*Peifa Xu v. Gridsum Holding Inc.*,
  No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ..................................4

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
  No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) ....................7, 8

**Rules & Statutes**

Fed. R.  Civ. P.23 ...................................................................................................... *passim*

Rule 42(a).................................................................................................................4, 5

15 U.S.C. § 77z-1 *et seq.* ........................................................................................... *passim*

15 U.S.C. § 78u-4 et seq. ........................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.) ................................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   No. 08-md-1963 (S.D.N.Y.) ..............................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
   No. 09-md-2027 (S.D.N.Y.) ..............................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...............................10

Proposed Lead Plaintiff Chesi Assets Limited and Interactive Digital Finance Limited (together "Chesi Assets Limited Group") submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) consolidating the above-captioned actions, (ii) appointing Chesi Assets Limited Group as Lead Plaintiff; (iii) approving Chesi Assets Limited Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class (as defined herein); and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Chesi Assets Limited Group respectfully submits that it should be appointed Lead Plaintiff following consolidation of the above-captioned actions (the "Action").  Chesi Assets Limited Group  specifically seeks to be appointed Lead Plaintiff on behalf of a Class of purchasers of the publicly traded securities of Luckin Coffee Inc. ("Luckin" or the "Company") between May 17, 2019 and April 6, 2020, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"); including those who purchased American Depositary Receipt Shares ("ADS") in connection with or traceable to the Company's Initial Public Offering on or about May 17, 2019 (the "IPO"), or in connection with Luckin's public Secondary Offering on or about January 10, 2020 (the "Secondary Offering"); and including those who purchased Senior Convertible Notes in connection with the $400 million Note Offering conducted concurrently with the Secondary Offering, and seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

Following consolidation, the PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which person or group of persons has the "largest financial interest" in the relief sought by the Class in the Action, and also whether such movant has made a *prima facie* showing that they are a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Chesi Assets Limited Group respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  As set forth below, Chesi Assets Limited Group suffered which counsel believes to be well in excess of **$24,472,159.85** on its purchases of Luckin securities during the Class Period—an interest believed to be greater than that of any other qualified movant.[1]  Accordingly, Chesi Assets Limited Group has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.  In addition to asserting the largest financial interest in this litigation, Chesi Assets Limited Group also meets the typicality and adequacy requirements of Rule 23 and will fairly, adequately, and vigorously represent the interests of the Class.

Finally, pursuant to the PSLRA, Chesi Assets Limited Group respectfully requests that the Court approve its selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally

---

[1]    A copy of the PSLRA-required Certifications of the Chesi Assets Limited Group's members  (the "Certifications") is attached as Exhibit A to the accompanying Declaration of Francis P. McConville (the "McConville Decl.").  In addition, a chart identifying the Class Period transactions of Chesi Assets Limited Group's members  in Luckin securities is attached as Exhibit B to the McConville Decl.

recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

Accordingly, Chesi Assets Limited Group respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Counsel.

## PROCEDURAL BACKGROUND

On February 13, 2020, an action was filed alleging that Luckin was engaged in an accounting fraud and had fabricated transactions and expenses in order to boost the perception of growth. *See Cohen v. Luckin Coffee Inc.*, No. 20-cv-01293 (S.D.N.Y. Feb. 13, 2020) (the "*Cohen* Action"). The *Cohen* Action alleged only violations of the Exchange Act and proposed a Class Period of November 13, 2019 through January 31, 2020. On April 2, 2020, a substantially similar action was filed to include the disclosure by the Company of an accounting fraud dating back to the Company's IPO. *See Sterckx v. Luckin Coffee Inc.*, No. 20-cv-01677 (E.D.N.Y., Apr. 2, 2020) (the "*Streckx* Action"). The *Sterckx* Action expanded the Class Period to May 17, 2019 through Apr. 2, 2020, and included Securities Act claims against the Company, its Executives and Board of Directors and the underwriters related to the Company's IPO, secondary offering, and convertible note offering. On April 8, 2020, a substantially similar action was filed to include subsequent disclosures concerning a loan default by Defendant Lu, expanding the Class Period to April 6, 2020. *See Gopu v. Luckin Coffee Inc.*, No. 20-cv-01747 (E.D.N.Y. Apr. 8, 2020). On April 10, 2020, a substantially similar action was filed with a shorter class period of May 17, 2019 to January 31, 2020, the date of the Muddy Watters report. *See Shek v. Luckin Coffee Inc.*, No. 20-cv-02977 (S.D.N.Y. Apr. 10, 2020).[2] In determining

---

[2]Chesi Assets Limited Group moves the Court for consolidation of the above captioned actions in this District. Further, given the substantially similar nature of the actions filed in the Southern District of New York and Eastern District of New York, Chesi Assets Limited Group believes that in the interests of judicial economy and conservation of resources only one consolidated action should proceed.

financial interest for the purpose of appoint a lead plaintiff, courts generally analyze movants' losses under the longer class period.  *See, e.g.*, *In re Doral Fin. Corp. Secs. Litig.*, 414 F.Supp.2d 398, 403 (S.D.N.Y.2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members").

## ARGUMENT

## I.     THE ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law and fact."  *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018).  "A determination on the issue of consolidation is left to the sound discretion of the Court."  *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)).  "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports."  *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)).  "[S]light differences in the facts

alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation.  The complaint filed in each of the Actions concern the same alleged fraud.  Each action sets forth identical allegations relating to overlapping parties, transactions, and events—primarily Defendants' materially false and misleading statements and omissions concerning Luckin's accounting practices and growth. Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a).  Accordingly, Chesi Assets Limited Group respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.    CHESI ASSETS LIMITED GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

Chesi Assets Limited Group respectfully submits that they should be appointed Lead Plaintiff because they timely filed the instant motion, believe they have the largest financial interest of any qualified movant, and satisfy the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 77z-1(a)(l); *see also* 15 U.S.C. § 77z-1(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class–

(I)      of the pendency of the action, the claims asserted therein, and the purported class period; and

(II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as lead plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 77z-1(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest financial interest in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Faig v. Bioscrip, Inc.,* No.13 Civ. 06922(AJN) , 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Faig*, 2013 WL 6705045, at *2.

**B.      Chesi Assets Limited Group Is the "Most Adequate Plaintiff"**

**1.      Chesi Assets Limited Group's Motion is Timely**

Chesi Assets Limited Group filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel in the *Cohen* Action published notice on *Globe Newswire* on February 13, 2020, the day the complaint in the *Cohen* Action was filed.  *See* McConville Decl., Ex. C.  The notice, in accordance with the PSLRA, indicated that applications for Lead Plaintiff must be made no later than 60 days from the date on which the notice was published, *i.e.*, on April 13, 2020.  Plaintiffs' counsel in the subsequently filed

*Sterckx* Action also published notice reiterating the April 13, 2020 deadline publicized by

counsel in *Cohen* Action.  *See* McConville Decl., Ex. D.  Chesi Assets Limited Group filed its

motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the

procedural requirements of the PSLRA.

> **2.      Chesi Assets Limited Group Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

Chesi Assets Limited Group incurred a substantial loss on its Class Period transactions in

Luckin securities and is unaware of any movant with a larger financial interest in the outcome of

the Action.  Accordingly, Chesi Assets Limited Group has the largest financial interest of any

qualified movant seeking Lead Plaintiff status, and are the presumptive "most adequate

plaintiff."  *Faig*, 2013 WL 6705045, at *2 (holding the movant with the greatest loss to be the

presumptive "most adequate plaintiff").

> **3.      Chesi Assets Limited Group Satisfies the Requirements of Rule 23**

The PSLRA further provides that in addition to possessing the largest financial interest in

the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule

23 of the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *see also*

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp*., No. CV 09-

3007(SJF)(AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) (explaining that the

prerequisites for appointment as Lead Plaintiff include satisfaction of the requirements of Rule

23).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "[t]he initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy".  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001); *see also Comtech*, 2010 WL 3924862, at *5.  At the lead plaintiff stage of the litigation, "the moving party 'need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'"  *Comtech*, 2010 WL 3924862, at *5.

### (a)  Chesi Assets Limited Group Satisfies the Typicality Requirement of Rule 23

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory.  *See Faig*, 2013 WL 6705045, at *3 (discussing the typicality requirement).  Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *Id*.

The typicality requirement is satisfied here because Chesi Assets Limited Group—who is not subject to any unique or special defenses—seeks the same relief and advances the same legal theories as do other Class members.  As did all members of the Class, Chesi Assets Limited Group purchased Luckin securities in reliance on the Company's public statements, which

8

contained materially false or misleading statements or omissions, and were damaged thereby. *See Comtech*, 2010 WL 3924862, at *5 (finding typicality satisfied where the plaintiff purchased securities "during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also . . . incurred damages as a result" thereof). These shared claims, which are based on the same legal theories and arise from the same events and course of conduct as the claims of other Class members, satisfy Rule 23(a)(3)'s typicality requirement.

### (b) Chesi Assets Limited Group Satisfies the Adequacy Requirement of Rule 23

Pursuant to Rule 23(a)(4), the representative party must demonstrate that they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "In determining adequacy of representation, the court considers whether '(1) class counsel is qualified, experienced, and generally able to conduct the litigation' and whether '(2) class members do not have interests that are antagonistic to one another.'" *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 235 (E.D.N.Y. 2011) (quoting *Babcock v. Computer Assocs. Int'l, Inc.*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003)).

Chesi Assets Limited Group will fairly and adequately represent the interests of the proposed Class. Chesi Assets Limited Group has demonstrated its adequacy through the selection of Labaton Sucharow to serve as Lead Counsel on behalf of the Class. As discussed more fully below, Labaton Sucharow is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute securities class action lawsuits. Additionally, Chesi Assets Limited Group's interests are perfectly aligned with the other members of the Class and are not antagonistic in any way. Indeed, Chesi Assets Limited Group has the same interest as all members of the Class: to maximize the recovery for

the Class.  There are no facts that indicate any conflicts of interest between Chesi Assets Limited

Group and the other Class members.  Moreover, because of Chesi Assets Limited Group's

substantial financial stake in the litigation, Class members can be assured that their interests will

be vigorously represented.  *See Lipetz v. Wachovia Corp*., No. 08 Civ. 6171 (RJS), 2008 WL

4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the

litigation" suggests that it would vigorously prosecute claims on behalf of the class).

Accordingly, Chesi Assets Limited Group satisfies Rule 23's adequacy requirement.

## III.   CHESI ASSETS LIMITED GROUP'S SELECTION OF COUNSEL MERITS APPROVAL

The PSLRA vests authority in the Lead Plaintiff to select lead counsel, subject to the

approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); *Cendant Corp.*, 264 F.3d at 276 (stating

that "the Reform Act evidences a strong presumption in favor of approving a properly-selected

lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with

Congressional intent, a court should not disturb the lead plaintiff's choice of counsel, unless it is

"necessary to protect the interests of the plaintiff class."  *See* Statement of Managers – The

Private Securities Litigation Reform Act of 1995, H.R. Conf. Rep. No. 104-369, at 35 (1995),

*reprinted in* 1995 U.S.C.C.A.N. 730, 734.  Chesi Assets Limited Group has selected Labaton

Sucharow as Lead Counsel for the Class.

Labaton Sucharow has excelled as lead counsel in numerous landmark securities class

actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in *In re*

*American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it

achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9

million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No.

08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also

served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## **CONCLUSION**

For all of the foregoing reasons, Chesi Assets Limited Group respectfully requests that the Court: (i) consolidate the above captioned actions; (ii) appoint Chesi Assets Limited Group as Lead Plaintiff for the Class pursuant to the PSLRA; and (iii) approve the selection of Labaton Sucharow as Lead Counsel for the Class.

DATED:  April 13, 2020                                  Respectfully submitted,

                                                        */s/Francis P. McConville*
                                                        Christopher J. Keller
                                                        Eric J. Belfi
                                                        Francis P. McConville
                                                        **LABATON SUCHAROW LLP**
                                                        140 Broadway
                                                        New York, New York 10005
                                                        Telephone: (212) 907-0700
                                                        Facsimile:  (212) 818-0477
                                                        ckeller@labaton.com
                                                        ebelfi@labaton.com
                                                        fmcconville@labaton.com

                                                        *Counsel for Chesi Assets Limited Group and*
                                                        *Proposed Lead Counsel for the Class*