```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

CHRISTOPHE STERCKX, Individually and on
behalf of all others similarly situated,

                Plaintiff,
                                                    ORDER CONSOLIDATING
          -against-                                  CASES

                                                    20-cv-01677(KAM)(VMS)

LUCKIN COFFEE INC., JENNY ZHIYA QIAN,
REINOUT HENDRIK SCHAKEL, CHARLES ZHENGYAO
LU, JIAN LIU, JINYI GUO, HUI LI, ERHAI
LIU, CREDIT SUISSE SECURITIES (USA) LLC,
MORGAN STANLEY & CO. LLC, CHINA
INTERNATIONAL CAPITAL CORPORATION HONG
KONG SECURITIES LIMITED, HAITONG
INTERNATIONAL SECURITIES COMPANY LIMITED,
KEYBANC CAPITAL MARKETS INC., and NEEDHAM
& COMPANY, LLC, Defendants.

---------------------------------------X

VIJAYA GOPU and NIRMALA GOPU,
Individually and on behalf of all others
similarly situated,
                                                    20-cv-1747(KAM)(VMS)
                Plaintiff,


          -against-


LUCKIN COFFEE INC., CHARLES ZHENGYAO LU,
JENNY ZHIYA QIAN, JIAN LIU, REINOUT
HENDRIK SCHAKEL, HUI LI, JINYI GUO,
ERHAI LIU, SEAN SHAO, THOMAS P. MEIER,
NEEDHAM & COMPANY, LLC, MORGAN STANLEY
& CO. LLC, CHINA INTERNATIONAL CAPITAL
CORP. HONG KONG SECURITIES LTD., HAITONG
INT'L SECURITIES CO. LTD., CREDIT SUISSE
SECURITIES (USA) LLC, and KEYBANC CAPITAL
MARKETS INC., Defendants.
---------------------------------------X
```

1

**MATSUMOTO, United States District Judge:**

A District Court may "consolidate related cases under Federal Rule of Civil Procedure 42(a)," as consolidation is "a valuable and important tool of judicial administration" that may be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citing *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)); *see also, Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 25 (E.D.N.Y. 2019). Rule 42(a) provides that a court may order actions consolidated if they involve "common issues of law or fact." *See* Fed. R. Civ. P. 42(a); *see also, e.g., BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000) ("It is well settled that even one substantial common question of law or fact is enough for commonality under Rule 42(a)."). Barring any prejudice to defendants, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Atanasio*, 331 F.R.D. at 25 (quoting *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004)).

Case Nos. 20-cv-1677 (*Sterckx v. Luckin Coffee, et. al*) ("*Sterckz*") and 20-cv-1747 (*Gopu v. Luckin Coffee, et. al*) ("*Gopu*") "involve substantially identical questions of law and fact." *Kux-Kardos v. VimpelCom, Ltd.*, 151 F.Supp.3d 471, 475

2

(S.D.N.Y. 2016). Both cases involve plaintiffs who purchased securities and American Depository Receipt Shares ("ADR") in Luckin Coffee Inc. ("Luckin"), and now allege, *inter alia*, accounting fraud dating back to the time of Luckin's I.P.O., including fabricated transactions and expenses, Securities Act claims against Luckin, its Executives, Board of Directors, and IPO underwriters, including parties' involvement with Luckin's secondary offering and convertible note offering. (*Sterckx* Introduction; *Gopu* Introduction). Both cases allege violations of Section 10(b) and Section 11 of the Exchange Act against all defendants (*Sterckx* Compl. ¶¶ 92-101, 78-85; *Gopu* Compl. ¶¶ 172-182, 154-159), and Section 15 and Section 20(a) of the Exchange Act against the individual defendants (*Sterckx* Compl. ¶¶ 86-91, 102-106; *Gopu* Compl. ¶¶ 160-162, 183-186), with *Gopu* further alleging a violation of Section 12(a)(2) of the Exchange Act against all defendants (*Gopu* Compl. ¶¶ 163-171). Both allege class periods that begin on May 17, 2019, with *Sterckx*'s alleged period ending on April 2, 2020, and *Gopu*'s alleged period ending four days later, on April 6, 2020.

"Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Rauch v. Vale S.A.*, 378 F.

3

Supp. 3d 198, 204-05 (E.D.N.Y. 2019) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (entering consolidation order despite different class periods)); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("That certain defendants are named in only one or some of the complaints does not require a different result. Nor do differences among the class periods proposed preclude consolidation.").

As the "actions need not be identical to allow for consolidation," *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F.Supp.3d 390, 394 (S.D.N.Y. 2014); *accord Kux-Kardos*, 151 F.Supp.3d at 474-5, the additional Section 12(a)(2) allegation, two additional defendants, and the four additional class period days alleged by *Gopu* are not impediments to consolidation. Both seek damages, interest, and costs and fees (*see Sterckx* Prayer for Relief; *Gopu* Prayer for Relief). Further, the allegations in both Complaints are substantively similar. (Compare *Sterckx* Compl. ¶¶ 31-77; *Gopu* Compl. ¶¶ 57-153). There is no basis to believe that any Defendant would be prejudiced by consolidation. It is therefore appropriate to order consolidation of case Nos. 20-cv-1677 and 20-cv-1747 into a single case.

4

**CONCLUSION**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, *Sterckx v. Luckin Coffee Inc., et. al*, case No. 20-cv-1677, and *Gopu v. Luckin Coffee Inc., et. al*, case No. 20-cv-1747, are hereby consolidated as *In re Luckin Coffee Inc. Securities Litigation*. All relevant documents and submissions shall be maintained as one file under Master File No. 20-cv-1677. Any other securities class actions filed in, or transferred to, this District related to the facts alleged in the cases described above shall be consolidated into this action.

**SO ORDERED.**

Dated:   April 16, 2020
         Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York