**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Christophe Sterckx*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LUCKIN COFFEE INC. SECURITIES LITIGATION, | Case No.: 1:20-cv-01677-KAM-VMS<br><br>**PLAINTIFF CHRISTOPHE STERCKX'S RESPONSE TO THE COURT'S APRIL 16, 2020 ORDER TO SHOW CAUSE** |

Plaintiff Christophe Sterckx ("Plaintiff"), through undersigned counsel, hereby respectfully submits this response to the Court's April 16, 2020 Order to Show Cause (the "OSC") as to venue. For the reasons set forth below, the OSC should be discharged.

Venue is proper in the United States District Court for the Eastern District of New York ("E.D.N.Y.") as Defendant Luckin Coffee Inc. ("Luckin" or the "Company") as well as the Underwriter Defendants[1] conceded to litigate disputes which arise from the Company's American Depositary Shares ("ADSs") in the E.D.N.Y. A challenge to venue is waived if the action is brought in a court included in a deposit agreement's forum selection clause. *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1125 (C.D. Cal. 2008).

---

[1] The "Underwriter Defendants" means Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, KeyBanc Capital Markets Inc., and Needham & Company, LLC.

1

Luckin registered its ADSs by filing a registration statement in May 2019 on Form F-1 with the U.S. Securities and Exchange Commission ("SEC"). Compl. ¶31. The deposit agreement between Luckin, the Bank of New York Mellon as Depositary, and all Owners and Holders of Luckin's ADSs (the "Deposit Agreement") is attached as Exbibit 4.3 to Luckin's registration statement.[2] The Underwriter Defendants were parties to the Deposit Agreement as they were Owners and Holders of Luckin ADSs. The Company sold its ADSs to the Underwriter Defendants who then sold Luckin ADSs to investors. *Pravin Banker Assocs., Ltd. v. Banco Popular del Peru*, 9 F. Supp. 2d 300, 303 (S.D.N.Y. 1998) (underwriters received ADRs from company and then sold ADRs to investors).

Pursuant to Section 7.7 of the Deposit Agreement, Luckin as well as the Underwriter Defendants "consent[] and submit[] to the jurisdiction of any state or federal court in the State of New York in which any Proceeding may be instituted."[3] This Court falls into this category. Accordingly, Luckin and the Underwriter Defendants have agreed that venue is proper in E.D.N.Y. and to litigate this action in this Court.

Since Luckin and the Underwriter Defendants have consented to litigation in the E.D.N.Y., venue is proper as to the remaining defendants, Luckin's officers and directors.[4] A "court need not consider whether venue is proper for the other defendants: where venue is proper for one defendant, venue is proper for all." *Pan Int'l Gaming, Inc. v. Tropical Int'l Sports, Inc.*,

---

[2] Available at https://www.sec.gov/Archives/edgar/data/1767582/000104746919002872/a2238583zex-4_3.htm.

[3] *Id.* at page 34.

[4] As the Deposit Agreement was incorporated by reference and attached to Luckin's registration statement, Luckin's officer and directors were aware or should have been aware of the Deposit Agreement's contents as they signed or authorized the signing of the registration statement. Compl. ¶¶11, 14-20. Accordingly, each defendant knew that litigation could be initiated in this Court. Thus, by proceeding with Luckin's initial public offering, each defendant agreed to venue of the E.D.N.Y.

No. 99 CIV. 9182 (SHS), 2000 WL 60191, at *1 (S.D.N.Y. Jan. 25, 2000) *citing Sec. Inv'r Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985) ("where an action is brought against multiple defendants alleging a common scheme of acts or transactions in violation of securities statutes, so long as venue is established for any of the defendants in the forum district, venue is proper as to all defendants."). The complaint alleges that each defendant made false and misleading statements to Luckin investors by signing, authorizing the signing of, and/or disseminating the false and misleading offering documents and other public statements. Since each defendant was responsible for the contents and dissemination of Luckin's offering documents, as alleged in the complaint, their actions together misled the investing public and artificially inflated the Company's ADS price. As a result of Defendants' actions, venue is proper in this Court as to each defendant.

In sum, Plaintiff respectfully requests that the OSC be discharged.

Dated: April 21, 2020                   Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Plaintiff Christophe Sterckx*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim