```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

CHRISTOPHE STERCKX, Individually and on
behalf of all others similarly situated,

            Plaintiff,

                                              ORDER AND NOTICE
       -against-                              REGARDING VENUE

                                              20-cv-01677(KAM)(VMS)

LUCKIN COFFEE INC., JENNY ZHIYA QIAN,
REINOUT HENDRIK SCHAKEL, CHARLES ZHENGYAO
LU, JIAN LIU, JINYI GUO, HUI LI, ERHAI
LIU, CREDIT SUISSE SECURITIES (USA) LLC,
MORGAN STANLEY & CO. LLC, CHINA
INTERNATIONAL CAPITAL CORPORATION HONG
KONG SECURITIES LIMITED, HAITONG
INTERNATIONAL SECURITIES COMPANY LIMITED,
KEYBANC CAPITAL MARKETS INC., and NEEDHAM
& COMPANY, LLC, Defendants.

---------------------------------------X

VIJAYA GOPU and NIRMALA GOPU,
Individually and on behalf of all others
similarly situated,

            Plaintiff,


       -against-


LUCKIN COFFEE INC., CHARLES ZHENGYAO LU,
JENNY ZHIYA QIAN, JIAN LIU, REINOUT
HENDRIK SCHAKEL, HUI LI, JINYI GUO,
ERHAI LIU, SEAN SHAO, THOMAS P. MEIER,
NEEDHAM & COMPANY, LLC, MORGAN STANLEY
& CO. LLC, CHINA INTERNATIONAL CAPITAL
CORP. HONG KONG SECURITIES LTD., HAITONG
INT'L SECURITIES CO. LTD., CREDIT SUISSE
SECURITIES (USA) LLC, and KEYBANC CAPITAL
MARKETS INC., Defendants.
---------------------------------------X
```

1

**MATSUMOTO, United States District Judge:**

On April 2, 2020, plaintiff Sterckx, a citizen of Belgium[1], commenced an action in this court against Luckin Coffee Inc. ("Luckin") and others, alleging, *inter alia*, violations of federal securities law. *Sterckx v. Luckin Coffee, et. al,* 20-cv-1677. On April 8, 2020, the Gopu plaintiffs commenced a virtually identical action in this court, against Luckin and others. *Gopu v. Luckin Coffee, et. al,* 20-cv-1747. By order dated April 16, 2020, the *Sterckx* and *Gopu* actions were consolidated as *In re Luckin Coffee Inc. Securities Litigation* under docket number 20-cv-1677. *See* Order Consolidating Cases, ECF No. 58.

By order dated April 16, 2020, this court ordered the plaintiffs in the consolidated actions to show cause by April 21, 2020, as to why venue was proper in the Eastern District of New York pursuant to 28 U.S.C. Section 1391(b), or why the consolidated actions should not be transferred, or the complaints amended to allege adequate facts establishing venue in the Eastern District of New York.

The Gopu plaintiffs responded that they do not object to transferring the action to the Southern District of New York in which two similar cases are pending, one of which was filed on February 13, 2020. Response to Order to Show Cause by Gopu

---

[1] Civil Cover Sheet, 20-cv-1677, ECF No. 1-2.

2

Plaintiffs, ECF No. 60; *Cohen v. Luckin Coffee Inc. et. al*, 20-cv-1293 (LJL), S.D.N.Y.  Plaintiff Sterckx's response merely invoked Section 7.7 of the Deposit Agreement, which provides in part that Luckin "consents and submits to the jurisdiction of any state or federal court in the State of New York," in which any proceeding may be instituted.  Response to Order to Show Cause by Christophe Sterckx, ECF No. 61.  Sterckx appears to have confused a consent to jurisdiction by Luckin with venue, and provides no other facts, as previously ordered, establishing that "significant events or omissions material to plaintiffs' claims" occurred in the Eastern District of New York.  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

The Southern District of New York appears to be the proper venue for the consolidated actions because, as alleged by plaintiffs in those actions, the offerings at issue were made in the Southern District, and NASDAQ is situated there.  The Second Circuit has recognized the authority of a district court to transfer an action *sua sponte*.  *See Lead Industries Ass'n, Inc. v. Occupational Safety and Health Administration*, 610 F.3d 70, 79 n. 17 (2d Cir. 1979)("The broad language of 28 U.S.C. [Section] 1404(a) would seem to permit a court to order transfer *sua sponte*…." (citation omitted).  This court is inclined to transfer this action, based on the failure of Sterckx to provide facts establishing venue in the Eastern District of New York;

3

the apparent proper venue in the Southern District of New York; and the "first filed rule," which provides a presumption in favor of the Southern District of New York, where litigation over the alleged fraud by the defendants was first initiated. *See Gottlieb v. SEC*, 723 F. App'x 17, 19 (2d Cir. 2018); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N.A., Inc.*, 599 F. 3d 102, 112 (2d Cir. 2010).

The court further finds that given the overlapping claims, disclosures, defendants and movants in both districts, the interests of justice will be best served by conserving the resources of the parties and the judiciary if the consolidated Eastern District cases are transferred to the Southern District, where scheduling orders have already been issued for the multitude of motions to appoint class counsel and lead plaintiff. *Gottlieb*, F. App'x at 19 ("A district court may, '[f]or the convenience of parties and witnesses, in the interest of justice,' transfer a civil action to any district where it might have been brought"); *Filmline (Cross-Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) ("The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court.").

The court finds that even if venue had been established in the Eastern District of New York, transfer to the

4

Southern District of New York would nonetheless be justified based on the foregoing and following considerations pursuant to 28 U.S.C. Section 1404(a). First, regarding plaintiffs' forum choice, the court notes that the Gopu plaintiffs do not object to the transfer. The court also respectfully acknowledges that the Sterckx plaintiff has chosen the Eastern District of New York as the venue for his action and appears to object to transfer. However, the court does not find any prejudice to the parties if the Eastern District actions are transferred. Nor does the court find that the Eastern District is the more convenient venue for witnesses or the parties. Instead, the locus of operative facts, the location of documents and at least several witnesses, and the relative ease of access to evidence militate in favor of a transfer to the Southern District of New York. The availability of process to compel attendance of unwilling witnesses and the relative means of the parties appear to be neutral and favor neither venue. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (Under 28 U.S.C. § 1404(a) courts may properly consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to

5

compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.")(alteration in original).

Based on the foregoing, the parties are notified that this court intends to order the transfer of the consolidated Eastern District action to the Southern District of New York, unless a party presents sound legal and factual reasons not to issue a transfer order, no later than April 24, 2020.

**SO ORDERED.**

Dated:     April 22, 2020
           Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

6